12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jose DOMINGUEZ, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 93-1472.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1993.*
Decided Nov. 24, 1993.
 
 Before BAUER, and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Jose Dominguez appeals the district court's denial of his motion filed pursuant to 28 U.S.C. Sec. 2255. Dominguez pled guilty to possession with intent to distribute cocaine. 21 U.S.C. Sec. 841(a)(1). He was sentenced on October 31, 1990, and received a two-level reduction for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. Effective November 1, 1992, Sec. 3E1.1 was amended to allow an additional one-level reduction in certain circumstances. U.S.S.G. Sec. 3E1.1(b) (Nov. 1992). Dominguez moved to vacate or correct his sentence, arguing that the 1992 amendment should be applied retroactively. We affirm the denial of his motion.
 
 
 2
 Generally, the district court must apply the sentencing guidelines in effect at the time of sentencing, and may not modify a prison sentence after imposing it. 18 U.S.C. Secs. 3553(a)(4)-(5), 3582(c). See Ebbole v. United States, No. 91-2255, slip op. at 16 (7th Cir. October 27, 1993). However, when a sentencing range has been lowered subsequently by an amendment, the district court can reduce the term of imprisonment if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. Sec. 3582(c)(2); Ebbole, No. 91-2255, slip op. at 17.
 
 
 3
 Policy Statement Sec. 1B1.10 addresses the retroactive application of an amended guideline range. It provides that only amendments listed in subsection (d) may be applied retroactively to reduce a sentence. U.S.S.G. Sec. 1B1.10(a), p.s. (Nov. 1992). Amendment 459, the revision of Sec. 3E1.1, is not listed in Sec. 1B1.10(d). U.S.S.G. Sec. 1B1.10, p.s. and App. C at 281-283 (Nov. 1992). Therefore, the amended Sec. 3E1.1(b) cannot be applied retroactively without contravening the Commission's policy statement. See Ebbole, No. 91-2255, slip op. at 17 (holding that the amended Sec. 3E1.1 may not receive retroactive application).
 
 
 4
 Dominguez argues that the court should exercise its discretion to allow retroactive application in light of the Congressional intent to prevent disparate sentences for similarly situated defendants. His argument is without merit because the statutory language of Sec. 3553(a) and Sec. 3582(c) is mandatory, eliminating any room for judicial discretion.[1] 18 U.S.C. Secs. 3553(a), 3582(c).
 
 
 5
 Dominguez further contends that due process allows the court to consider retroactive application because of his legitimate interest in the sentencing process. However, he raises no claims of denial of due process with respect to his original sentencing. He cannot now allege that a change in the guidelines retroactively affords him additional process in an already concluded proceeding. Accordingly, the district court's judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Sec. 3582(c) provides that "[t]he court may not modify a term of imprisonment once it has been imposed...." 18 U.S.C. Sec. 3582(c) (emphasis added). Similarly, Sec. 3553(a) uses such non-discretionary terms as "shall impose" and "shall consider." 18 U.S.C. Sec. 3553(a)